IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD BRADY and KAREN BRADY | : | |
| | : | |
| | : | Case No. 4:04-cv-2126 |
| Plaintiffs, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | |
| TINA LOUISA DEPEW | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**July15, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court is Plaintiffs Donald Brady and Karen Brady's ("Bradys" or "Plaintiffs") Motion for Summary Judgment on Liability (Rec. Doc. 23) filed on May 24, 2005. Defendant Tina Louise Depew ("Depew" or "Defendant") has filed a timely response and the Motion is now ripe for our review. Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Motion will be denied.

**STATEMENT OF MATERIAL FACTS:**

As noted by the parties, the events of April 1, 2003 are not substantially disputed. On that date, Defendant, driving her mother's vehicle, was traveling westbound on U.S. Route 322, approximately two miles east of Boalsburg,

Pennsylvania towards State College.  At approximately, 8:30 a.m., Defendant's vehicle crossed into the eastbound lane where it collided head-on with a vehicle operated by Richard A. Malisse.  Plaintiff Donald Brady was a passenger in Malisse's vehicle.  The parties agree that Malisse was not negligent in the operation of his vehicle and he is not a party to this action.

At the time of the accident, Depew stated that she was traveling at approximately 35-40 miles-per-hour, far below the roadway's 55 miles-per-hour speed limit.  The reason that she, and other drivers, were going slowly, was the weather.  It is undisputed that Route 322 was snow-covered that morning and that it was in fact snowing at the time of accident.  The parties however dispute the severity of both the storm and the effect that snow had on the roadway.

Defendant further states that prior to the accident, she applied her brakes because she believed that she was too close to the vehicle in front of her own. (Depew Dep. at 36; Rec. Doc. 25 Ex. F).  She applied "moderate pressure" to the brakes.  (Depew Interrogs. ¶ 13).  Subsequently, the vehicle began to "fishtail." (Depew Dep. at 36).  Although she tried to steer the vehicle back into control, it crossed the center dividing line into the eastbound lane, where it collided with Malisse's vehicle.

Depew admits that she was in a hurry the morning of the accident because

2

she was late for a class at the South Hills School of Business and Technology in State College, Pennsylvania, where she was a student. Plaintiffs note as well that Defendant's vehicle's tires had traveled approximately 40,000 miles since they were purchased.

Following the accident, Plaintiffs filed suit in the United States District Court for the Western District of New York. The parties subsequently stipulated that the action be transferred to the United States District Court for the Middle District of Pennsylvania, where it was placed on our docket. (See Rec. Doc. 1). Plaintiffs have now filed the instant Motion for Summary Judgment in which they contend that there is no question of material fact with respect to Defendant's liability.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could

draw from them.  Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's

evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

Finally, we note that in this diversity action we apply the laws of the Commonwealth of Pennsylvania, as the location of the accident in question was within the Commonwealth's borders. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 72-73 (1938); Aliota v. Graham, 984 F.2d 1350, 1358 (3d Cir. 1993).

**DISCUSSION**:

Plaintiffs contend that we should grant summary judgment on the issue liability because, under Pennsylvania law, when a driver crosses into the lane of oncoming traffic, she is negligent per se.  See Bohner v. Stine, 463 A.2d 438 (Pa. 1983)("a driver crossing the center line of a roadway, and thereafter causing a

collision, is negligent per se"). It is important to note that negligence per se is distinguishable from strict liability due to the availability of certain defenses in the case of the former.

One of the defenses available in a negligence per se circumstance is what is known as the doctrine of unavoidable accident, which holds that an accident may be excused if it is determined to have been unavoidable. See Bumbarger v. Kaminsky, 457 A.2d 552 (Pa. Super. Ct. 1983)(holding that a jury instruction for unavoidable accident was proper when a vehicle ran through a stop sign after skidding on ice). The burden, at trial, on proving the unavoidable accident defense is on the defendant. Simpson v. United States, 484 F.Supp. 387, 392 (W.D.Pa. 1980)("the burden is upon the defendant to show that he got upon the wrong side of the highway at the time of the accident through no negligence on his part."). Since Defendant admits that she crossed into the eastbound lane, the only issue before us is whether there are questions of material fact such that Defendant should be permitted to assert the unavoidable accident defense.

In their motion, Plaintiffs contend that under Pennsylvania law, Defendant violated several statutes and that violations of these statutes conclusively demonstrate her negligence. Specifically, Plaintiffs contend that Defendant was (1) following too closely in violation of 75 Pa. Cons. Stat. § 3310, which states that

a "driver ... shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and condition of the roadway; and, (2) driving at an unsafe speed in violation of 75 Pa. Cons. Stat. § 3310, which states that "no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions... ."

We believe that questions of material fact remain as to whether Defendant violated either statute and was therefore negligent to a degree that she is deprived of any defense.  The only valid evidence of Defendant's alleged violations of the above statutes is the Pennsylvania State Police Accident Report (the "Report"), which states that the cause of accident was Defendant's driving at an unsafe speed. (Pennsylvania State Police Accident Report, Rec. Doc. 13, Ex. J).  However, despite what the Report states, Defendant was not cited for driving at an unsafe speed by the two state troopers who investigated the accident.  Furthermore, one investigator, Trooper Warren Sasserman, testified that he believed that the unsafe speed designation in the Report was used solely due to the fact that Defendant caused an accident.  (Sasserman Dep. at 40; Rec. Doc. 25 at Ex. G).  The other investigating officer, Trooper Benjamin Clark, testified that in effect he believed that any vehicle which crashed on a slippery road must have been traveling at an unsafe speed.  (Clark Dep. at 22; Rec. Doc. 25 Ex. H).  We do not believe that the

Report, when compared with the testimony of either state trooper, affirmatively establishes that Defendant was negligent for the purposes of summary judgment.[1]

Plaintiffs also cite the Pennsylvania Driver's Manual ("PDM") in support of their contention that Defendant was negligent.  Specifically, Plaintiffs contend that when taking recommend speeds and distances from the PDM and applying Defendant's deposition testimony, the result mandates a finding that Depew violated the PDM's minimums.  While we do not necessarily disagree with Plaintiffs' calculations, Plaintiffs have not established that the PDM is binding law drivers in Pennsylvania.  Furthermore, the Superior Court has held that the Commercial Driver's Manual, the PDM's closest counterpart, is not admissible at trial and thus cannot be used to establish negligence either per se or otherwise.  See Christiansen v. Silfies, 667 A.2d 396, 403 (Pa. Super. Ct. 1995)(Holding that without expert testimony to establish that the driver's manual was an authoritative text, it was not admissible at trial.); see also Santiago v. Bishop, 2003 WL 2310532, 63 Pa. D. & C.4th 177, 187 (Pa. Com. Pl. May 16, 2003)("the plaintiff's expert witness improperly characterized portions of the driver's manual as 'the

---

[1] In their reply brief, Plaintiffs "respectfully call upon this Court to rule that the testimony of the police officers as to the manpower of the force and their ability to cover cases occurring that morning is a collateral evidence and inadmissible." (Pls. Reply Br. at 3).  While this evidence may indeed be inadmissible, Plaintiffs' request is proper only as an objection at trial or in a motion in limine.

law.'"). Without more from Plaintiffs establishing the PDM as binding law, we hesitate to grant summary judgment based on calculations derived in part from that manual.

Finally, we briefly note Plaintiffs' argument that Defendant's tires were overly worn. However, the report from Goodyear Tires that Plaintiffs themselves submitted to us indicates that with 40,000 miles of wear, Defendant's tires had 5,000 more miles left in their usable life. (Goodyear's Rep. to Dep't of Transp., Rec. Doc. 25 Ex. L). As such, we cannot conclude that the tires were overly worn in a manner sufficient to establish negligence per se at this juncture.

To conclude, we do not believe that the evidence affirmatively establishes that Depew was negligent in causing the April 1, 2003 accident such that Plaintiffs' Motion should be granted.[2] We believe that while there is evidence supporting an

---

[2]Plaintiffs' counsel states the following in his reply brief:

> I am also advised by Counsel that the Pennsylvania Superior Courts tend not to grant summary judgment in such actions largely because of political reasons in being reversed. Of course this Court is not bound by such practice or sentiment. Such practice or aversion to granting summary judgment is impractical and fails to take into account the disruption that a trial causes to all concerned and the unnecessary expense caused. It is dragonian. [sic]

(Pl. Reply Br. at 6). This is a rather astonishing assertion which has no place in a filing before this or any court. Prior to engaging in needless speculation about the reasons courts dispose of summary judgment motions, we suggest that Plaintiffs' counsel devote some time to improving his writing and spelling skills. Moreover, we assure Plaintiffs' counsel that despite his worst fears, as a life-tenured Article III judge "political reasons" are not part of our calculus when rendering decisions.

inference of negligence, it does not rise to the level necessary for us to grant summary judgment on the question of liability, and that such determination is properly reserved for the trial of this matter.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Summary Judgment on Liability (Rec. Doc. 23) is DENIED.

<u>S/ John E. Jones III</u>
John E. Jones III
United States District Judge